IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SHELDON PITTMAN, Inmate #N90033,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 02-070-MJR** |
| ) | |
| **KENNETH BRILEY,** *et. al*, ) | |
| ) | |
| **Respondent.** ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

The action comes before the Court on Plaintiff's motion to proceed *in forma pauperis* on appeal and for leave to file a late appeal (Doc. 9). The petition was dismissed pursuant to Rule 4 governing petitions for habeas corpus under 28 U.S.C. § 2254 on March 13, 2002, because Petitioner failed to show that any of his federal constitutional or statutory rights were violated in his state court conviction or sentencing. Petitioner states that he did not receive notice of the judgment until May 28, 2005.

If a party in a civil case wants to appeal a district court's judgment, he or she must file a notice of appeal within 30 days of the entry of judgment in a case. *See* FED. R. APP. P. 4(a)(1)(A). Under Rule 4(a)(6), the district court may reopen the time to file an appeal, but only if the motion to reopen is filed within 180 days after the judgment is entered, or within 7 days after the moving receives notice of the entry, whichever is earlier, and then the court may reopen the time to appeal only if the court finds that the moving party did not receive notice within 21 days of the entry of judgment and the court finds that no party would be prejudiced. Petitioner has missed the 30-day

deadline by over three years and the 180-day deadline by almost three years. Furthermore, Petitioner has offered no reasonable explanation as to why he did not receive notice. Accordingly, Petitioner's motion for leave to file a late appeal is **DENIED**.

Petitioner also seeks leave to appeal *in forma pauperis*. "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A plaintiff is "acting in bad faith in the more common legal meaning of the term . . . [when he sues] . . . on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

This action was dismissed because Petitioner was not entitled to relief under the rules governing petitions for habeas corpus relief, and Plaintiff has offered no argument indicating why this Court's conclusion was incorrect. Therefore, the Court **CERTIFIES** that this appeal is not taken in good faith; accordingly, leave to proceed *in forma pauperis* on appeal is **DENIED.**

**IT IS SO ORDERED.**

**DATED this 1st day of July, 2005.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**